USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

CLODOMIRO BELTRE,

               Defendant.

---

05 Cr. 891 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    The defendant has moved pursuant to Federal Rule of Criminal Procedure 35(a) to reduce his sentence. The gist of the defendant's motion is that the Court or the Bureau of Prisons should have granted or credited the defendant with time spent in federal detention from September 2005 until the defendant was sentenced by this Court on January 16, 2007. At that time the Court sentenced the defendant principally to 30 months imprisonment for the offense of illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). There is no merit to the application and it is denied.

    First, the application is improper under Federal Rule of Criminal Procedure 35(a). A motion may be made under that Rule only to correct arithmetical, technical or other clear error, and the Court can correct the sentence only within seven days of sentencing. Fed R. Crim P. 35(a). This application, which is dated January 14, 2008, is plainly untimely. To the extent that

the defendant is complaining about the credit afforded by the Bureau of Prisons, his remedy is a motion pursuant to 28 U.S.C. § 2241, after exhausting his remedies within the Bureau of Prisons, which the Government advises the defendant has not yet done. See, e.g., United States v. Galicia-Delgado, 130 F.3d 518, 522 (2d Cir. 1997). To the extent that the defendant claims that the imposition of the sentence was in violation of law, the defendant's remedy would be a motion pursuant to 28 U.S.C. § 2255, but the petitioner has failed to show that there was any error in the imposition of the sentence.

The defendant has failed to show that there was any error by the Court or by the Bureau of Prisons. The defendant was originally arrested on a state charge and subsequently writted into federal custody. The defendant seeks credit for the time he spent in federal custody subsequent to September 1, 2005 when he made his first appearance in federal court. However, subsequent to his sentence by this Court on January 16, 2007, the defendant was sentenced in state court for a serious offense for which he was sentenced to two to four years incarceration to run concurrently with his federal sentence. The defendant has received credit for the entire time spent in federal custody toward his state sentence.

It is for the Bureau of Prisons to determine initially when a defendant's sentence is to commence and what credit to give for time served, but the requirement of credit for time served does not apply to time that has been credited toward another sentence. See 18 U.S.C. § 3585(b). In this case, in response to an inquiry from the Bureau of Prisons, the Court recommended to the Bureau of Prisons that the defendant be given credit for time spent following the imposition of his federal sentence on January 16, 2007, rather than commencing the sentence on September 25, 2007, the date the defendant was transferred to the custody of the Bureau of Prisons. The Government represents that the Bureau of Prisons has given the defendant that credit. The defendant has not shown that he is entitled to any other credit.

The Court sentenced the defendant principally to 30 months imprisonment, a sentence at the low end of the advisory Sentencing Guidelines Range, despite a recommendation by the Probation Department that the defendant be sentenced to 36 months imprisonment. The sentence was a reasonable sentence and the Court's subsequent recommendation to the Bureau of Prisons that the defendant's sentence begin to run from the date of imposition so that it would run concurrently with his state court sentence was reasonable. The defendant is not entitled to

3

any further credit and there was no error in the imposition of the sentence.  The Court did not afford any further credit to the defendant and none is warranted.  The additional time spent in custody is because of the time the defendant has spent for the conviction on his state court offense which justifiably has not been credited toward his federal sentence.  <u>United States v. Labeille-Soto</u>, 163 F.3d 93, 99 (2d Cir. 1998); <u>see also</u> <u>United States v. Wilson</u>, 503 U.S. 329, 337 (1992).

The defendant's application pursuant to Federal Rule of Criminal Procedure 35(a) is **denied**.

SO ORDERED.

Dated:   New York, New York
         April 15, 2008

_____
John G. Koeltl
United States District Judge